Finding no errors in the record, the judgment is affirmed.

#### On Motion for Rehearing.

LATTIMORE, J. [3] Complaint is made in the motion for rehearing of the fact that the learned trial judge, in instructing the jury not to consider certain hearsay testimony of the witness Dillon, failed and refused to so instruct the jury with regard to the same testimony given by two other witnesses. Examination of the record discloses that no objection was made to the testimony of the two other witnesses, and no motion was made to exclude the testimony given by them.

[4] Complaint is also made of the insufficiency of the testimony. A review of the facts shows that appellant was put in jail and was heard engaged in conversation with one of its inmates, and later told other people that said other inmate had offered him $100 to bring saws into the jail. The facts further show that upon a real or pretended charge appellant was put in jail again a few days later and was seen to hand a package to the party whom he claimed had offered him $100 to bring saws into the jail. A few minutes later said party exhibited to other parties a package containing a number of saws. In our opinion this was sufficient to justify the jury's conclusion of guilt.

Being unable to agree with the contentions made, the motion for rehearing will be overruled.

---

**ANDREWS v. STATE. (No. 10496.)**

(Court of Criminal Appeals of Texas. Feb. 2, 1927. On Motion for Rehearing March 16, 1927.)

Homicide ⬯234(7)—Evidence held insufficient to support conviction for murder.

Evidence in prosecution for murder *held* insufficient to support verdict of guilty.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Frank Andrews was convicted of murder, and he appeals. Reversed and remanded.

Noah Roark, of Dallas, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in criminal district court No. 2 of Dallas county of murder; punishment, 99 years in the penitentiary.

We are of opinion that the circumstances sufficiently showed that a body found after the disappearance of a negro man named Arthur Berry was his, and also that he came to his death by violence inflicted by some other person. Essie Berry, wife of deceased, and self-confessed paramour of appellant, testified that on the afternoon of January 5, 1926, appellant and deceased left her home together ostensibly to go hunting, that after they went away she heard a shot, and that after dark that night appellant came to her house and told her that he had killed deceased and put him in the river. When the body of deceased was found it was in the Trinity river and the upper part of the skull was gone. The body was weighted with a piece of iron. The 14 year old stepdaughter of deceased testified to appellant having given her mother, Essie Berry, a wrist watch, slippers, and a dress, and to seeing deceased leave home after sundown on January 5, 1926, and that she never saw him alive again. She said that appellant came to the house that night and called her mother and talked to her, but witness could not hear what they said.

Another witness, the city marshal of Ferris, a town not far from where the parties lived, said appellant told him in December, 1925, that deceased had taken one McGowin's gun and money and wanted witness to arrest deceased. A day or two later appellant came again to find out what witness had done about it, and when witness told him he was going to let the grand jury investigate it, appellant said, "Well, he totes a pistol all the time," and further said that he had enough evidence to put Berry on the county road or in the penitentiary where he belonged. Mr. Cox, on whose farm appellant and deceased lived, testified that the two men were unfriendly, and that appellant had "told him what kind of a negro Berry was." Mr. Cox said that a feeling of animosity existed between appellant and deceased, and the former suggested to him that they had better get Berry off the place. A jeweler testified that he sold appellant in the fall of 1925 a wrist watch, which was identified by Essie Berry and her daughter as the one given Essie by appellant. We thus have here a death unquestionably resulting from violence, proof of malice, motive, strongly suggested intimacy with the wife of deceased, opportunity, appellant at the home of the accomplice the night of the alleged homicide talking secretly with her, and the finding of the body in the river where the accomplice says he told her he had put same. We are unwilling to hold this conviction so against the testimony as to require us to say it is without support.

There are eleven bills of exception, each of which has received our careful examination and analysis. Without discussing any of

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

them we content ourselves with saying that none show error. We perceive in none of them any question a discussion of which would serve any useful purpose.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

Appellant has filed an able motion for rehearing, urging that there is no testimony in this record sufficiently corroborating the wife of deceased, who was an accomplice. Upon more mature consideration we have concluded that the contention made is sound, and that we erred in our judgment of affirmance. A careful review of the testimony reveals that, aside from that of the accomplice, we have before us no evidence showing that appellant was with deceased at or about the time of the alleged homicide, nor have we any facts before us aside from the accomplice's testimony which would point to appellant as the guilty agent save those matters mentioned in our original opinion, to 'wit, that the deceased came to his death from violence, and that the evidence suggests intimacy between appellant and the wife of the deceased, and that the appellant was at the home of the accomplice the night of the day deceased went away from his home, and that the body of the deceased was found in the river later, and that appellant had made statements indicating ill will toward deceased. Mature consideration of the weight properly to be given to this testimony has created in our own minds such doubt of the sufficiency of the testimony as that we are unwilling to permit the conviction to stand.

The appellant's motion for rehearing is granted, the affirmance set aside, and the judgment now reversed and the cause remanded.